(962 P.2d 1143)

No. 79,541

Via Christi Regional Medical Center, *Appellant,* v. Mary E. Ayalla, *Appellee.*

—

Opinion filed August 28, 1998.

*W. Thomas Gilman,* Redmond & Nazar, L.L.P., of Wichita, and *Matthew C. Hesse,* associate general counsel of Via Christi Regional Medical Center, for appellant.

No appearance for appellee.

Before Green, P.J., Elliott and Knudson, JJ.

Green, J.: Via Christi Regional Medical Center (Via Christi) sued Mark A. Ayalla and his alleged wife, Mary E. Ayalla, for unpaid medical services furnished to them. The trial court granted Via Christi a default judgment against Mark for $3,760.35. In addition, the trial court granted Via Christi a judgment against Mary for $50. On appeal, Via Christi contends that the trial court erred in failing to grant an additional judgment against Mary for $3,710.35, representing the amount of unpaid medical services furnished to Mark. Via Christi maintains that Mary was responsible for the costs of Mark's medical services under the doctrine of necessaries. We disagree and affirm.

In its petition, Via Christi alleged that Mark and Mary were husband and wife and requested a judgment against Mark and Mary, jointly and severally, for unpaid medical services in the amount of $3,760.35 In advance of trial, Via Christi sent Mary a request for admissions. Mary failed to respond to the request for admissions.

On the date of trial, Mary appeared pro se. Via Christi based its case on the unanswered request for admissions. Mary testified that she was not married to Mark at the time that he received medical

treatment and that they were not living together at the time. Mary further testified that she and Mark had lived together for a period after he received the medical treatment but had since split up. Mary testified that she was legally married to someone else. She emphasized that she did not sign the hospital admission forms as Mark's wife. Via Christi conceded that it did not have forms signed by Mary indicating that she was Mark's wife. In response to questions from the trial court, counsel for Via Christi stated that the balance due for medical costs rendered to Mary was only $50.

On appeal, Via Christi argues that the trial court abused its discretion in failing to deem admitted the unanswered request for admissions. Because Via Christi filed this suit as a limited action, its request for admissions is controlled by K.S.A. 61-1712, which provides:

"(a) After commencement of an action and the date provided in the summons for the defendant to answer or appear, where the defendant has not filed an answer, or the answer constitutes a general denial, the plaintiff in such action may submit to the defendant a written request for the admission by the latter of (1) the genuineness of any relevant documents described in and exhibited with the request or (2) the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished. Such request for admissions shall be in a form which will permit the defendant to answer the questions thereon under oath. Any such request for admissions shall be served not less than twenty (20) days before the date set for trial of such action. The relevant facts or documents inquired into by such request shall be limited to ten (10) in number, unless permission of the judge is obtained to extend such number.

"(b) Each of the matters of which an admission is requested shall be deemed admitted unless, within ten (10) days after service thereof, the defendant serves upon the plaintiff either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he or she cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time."

## Via Christi's request for admissions provided:

"DO YOU ADMIT:

1. That the documents attached hereto marked as 'Exhibits 2, 3 and 4' are true, correct, complete and genuine copies of the billing statements prepared and main-

tained by St. Joseph Medical Center, in Wichita, Kansas in its regular course of business.

. . . .

2. That you were admitted to Via Christi Regional Medical Center, St. Joseph Medical Campus on November 21, 1995 and received medical care and treatment.

. . . .

3. That the medical care and treatment described in Exhibit 2 attached hereto and paragraph 2, above, was medically necessary.

. . . .

4. That $50.00 remains due for the medical care and treatment described in Exhibit 2 attached hereto and paragraph 2, above, and said amount is fair and reasonable.

. . . .

5. *That your husband, Mark Ayalla, received medical services at St. Joseph Medical Center on April 21, 1995.*

. . . .

6. That the medical care and treatment described in Exhibits 2, 3 and 4 attached hereto and paragraph 2, above were medically necessary.

. . . .

7. That $3,710.35 remains due for the medical care and treatment described in Exhibits 2, 3 and 4 attached hereto and paragraph 2, above and said amount is fair and reasonable.

. . . .

8. *That you are liable to St. Joseph Medical Center in the principal amount of $3,760.35 in consideration of the medical [care] and treatment administered by Via Christi Regional Medical Center, St. Joseph Campus as outlined in Exhibit 1 and described in Exhibits 2, 3 and 4 attached hereto and paragraph 2, above."* (Emphasis added.)

Although request for admissions 1 through 7 deal with factual matters and the genuineness of documents, the final request for admission seeks a legal conclusion. As set out earlier, a request for admissions under K.S.A. 61-1712 is limited to admissions regarding the genuineness of relevant documents and the *truth of relevant matters of fact*. On the other hand, K.S.A. 60-236, the Chapter 60 counterpart to K.S.A. 61-1712, allows a party to request an admission even if it presents a genuine issue for trial. For example, "[t]he request need not be limited to admissions of fact but may ask for admissions with respect to matters of opinion and the application of the law to the facts." 1 Gard's Kansas C. Civ. Proc. 3d Annot. § 60-236, Commentary, p. 245 (1997). To the contrary, K.S.A. 61-1712 is more limited than K.S.A. 60-236. Because K.S.A. 61-1712

is limited to the genuineness of relevant documents and to the truth of relevant matters of fact, Via Christi's request for a legal conclusion under request for admission 8 will not be considered in our analysis.

Via Christi argues that if the matters contained in its request for admissions are taken as true, the trial court was required to find that Mary was married to Mark at the time he received the medical treatment. Via Christi maintains that this fact is proven by request for admission 5. We disagree. The problem with this request is that it involves a compound admission. First, it states that Mark is Mary's husband. Second, it states that Mark received medical services at St. Joseph Medical Center on April 21, 1995. Even assuming that both of these statements are true, the request for admission fails to show that Mary was married to Mark *at the time the medical services were provided* to him. As a result, the trial court acted reasonably in denying Via Christi's request for judgment based on its request for admissions.

Next, Via Christi argues that there was insufficient evidence to support the trial court's conclusion that Mary was not married to Mark at the time he received treatment. "Where the trial court has made findings of fact and conclusions of law, the function of an appellate court is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law." *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 377, 855 P.2d 929 (1993).

Significantly, at trial, Mary testified that she was *not* married to Mark at the time the medical services were provided. In addition, Via Christi offered no evidence demonstrating that Mark and Mary were married when the medical services were rendered. Clearly, Via Christi failed in its burden of proof. Thus, the trial court's conclusion that Mary was not liable for services rendered to Mark was supported by substantial competent evidence.

Affirmed.